UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **M/G TRANSPORT SERVICES, LLC** | **CIVIL ACTION** |
| **FORMERLY KNOWN AS M/G** | |
| **TRANSPORT SERVICES, INC.** | **NO. 09-7927** |
| | |
| **VERSUS** | **SECTION "C"(1)** |
| | |
| **THE NORTH AMERICAN** | |
| **ASSURANCE COMPANY OF** | |
| **AMERICA, ET AL.** | |

**ORDER AND REASONS**[1]

Before the Court is Defendant International Marine Terminals Partnership's (IMT) Motion

for Partial Summary Judgment to dismiss all claims against it. (Rec. Doc. 50 at 1). Having

considered the record, memoranda of counsel, and the applicable law, the Court finds that

Defendant's motion should be DENIED, for the reasons that follow.

**I. Background**

This case arises out of a maritime casualty, the sinking of the barge KMM-103B while it was

fleeted at IMT's facility. (Rec. Doc. 1 at 3). IMT is a Louisiana partnership which accepts and moors

barges along a certain portion of the Lower Mississippi River. (Rec. Doc. 11 at 11). On December

26, 2007, the Barge KMM-103B, owned by Plaintiff M/G Transport Services, LLC, was accepted

into IMT's fleet and so remained until its sinking on or around January 2, 2008. *Id*. Plaintiff brought

an action against its several insurers, including The Northern Assurance Company of America,

International Marine Underwriters, National Casualty Company, and Indemnity Insurance Company

of North America ("Insurers"). (Rec. Doc. 1). Insurers subsequently filed a third-party complaint

---

[1] Gillian Gurley, a third-year law student at Tulane University, assisted in the preparation of this document.

against IMT for breach of its bailment obligation and negligence. *Id*. at 11-12. IMT responded with this Motion for Partial Summary Judgment.

## II. Law & Analysis

IMT moves for partial summary judgment to dismiss the third-party complaint of Insurers against it. Summary judgment is only proper when the record indicates that there is not a "genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56.  A genuine issue of fact exists only if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 247-48 (1986); *Taita Chem. Co. v. Westlake Styrene Corp.*, 246 F.3d 377, 385 (5th Cir. 2001).  When considering a motion for summary judgment, this Court "will review the facts drawing all inferences most favorable to the party opposing the motion."  *Reid v. State Farm Mut. Auto Ins. Co.,* 784 F.2d 577, 578 (5th Cir. 1986).

The moving party bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  Once the moving party has met its initial burden, however, "the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial." *Engstrom v. First Nat'l Bank of Eagle Lake*, 47 F.3d 1459, 1462 (5th Cir. 1995).  In order to satisfy its burden, the non-moving party must put forth competent evidence and cannot rely on "unsubstantiated assertions" and "conclusory allegations."  *See e.g., Hopper v. Frank*, 16 F.3d 92 (5th Cir. 1994); *Lujan v. Nat'l. Wildlife Fed'n.*, 497 U.S. 871, 871-73 (1990); *Donaghey v. Ocean Drilling & Exploration Co.,* 974 F.2d 646, 649 (5th Cir. 1992).

**A. IMT's Support of its Motion for Summary Judgment**

IMT asserts that its duty with respect to the barge KMM-103B was to act with reasonable care. (Rec. Doc. 50-2). Therefore, IMT reasons, if there is no genuine issue as to whether or not it acted with reasonable care, then summary judgment is appropriate. The question of reasonableness, however, is not one of which summary judgment may usually dispose.

To prove it acted reasonably, IMT states that its officers and agents checked the barge's status periodically and believed that it was not in any danger of sinking for the entire time it was fleeted with IMT. (Rec. Doc. 50-2 at 3). IMT states that when the barge arrived at its facility, it was operating with less than 18 inches of freeboard.[2] *Id*. at 3. Apparently this was unusual, because it "prompt[ed] IMT personnel to check the barge's compartments" for leaks, which were not apparent upon initial inspection. *Id*. at 3.  "IMT therefore concluded that the barge's limited freeboard was due to the loading of the barge prior to its arrival at the terminal rather than any leaks or water intrusion." *Id*. at 4. The barge was checked every twelve hours after that, according to IMT's standard "fleet checks." *Id*. On December 31, the limited freeboard of the barge again prompted an IMT employee to check the barge, whereupon standing water was discovered in a stern compartment and pumped out. *Id*. The next significant happening was the sinking of the barge.

IMT asserts that the facts presented show that it met the required standard of care and is entitled to summary judgment as a matter of law. To bolster this position, IMT cites a case from the Fifth Circuit which states "[t]he burden of proof of negligence is on the bailor,  but by proving that the vessel was delivered to the bailee in good condition and damaged while in his possession, the

---

[2] Freeboard is the distance between the waterline and the freeboard deck of a ship. A "low" freeboard may be evidence of overloading, or a leak in the vessel.

bailor makes out a *prima facie* case of negligence; and the duty then devolves upon the bailee to go forward with the evidence and show affirmatively that he exercised ordinary care." *Stegmann v. Miami Beach Boat Slips*, 213 F.2d 561, 564 (5th Cir. 1954); (Rec. Doc. 50-2 at 5).

Because IMT feels it has shown by its pleadings that it exercised ordinary care,  it urges the Court to grant summary judgment in its favor. Neither *Stegmann* nor any of the other cases IMT cites support this conclusion, however. (See also *Midland Enterprises, Inc. v. Notre Dame Fleeting & Towing Service, Inc.*, 538 F.2d 1356 (8th Cir. 1976); *Sisung v. Tiger Pass Shipyard Co.*, 303 F.2d 318 (5th Cir. 1962)). None of these cases were disposed of on a  motion for summary judgment; instead, the parties went to trial, presented their evidence, and only by doing so did the bailees overcome the inference of negligence. IMT's Motion for Summary Judgment, brought before the parties have completed discovery, is premature.

**B. Insurers' Opposition to Summary Judgment**

In addition to the reasons for denial stated above, Defendant Insurers' statement of the facts contravenes those presented by IMT and suggests that genuine issues of material fact remain for trial.  Insurers claim that when the barge left the facility at which it had been loaded, it had at least 24 inches of freeboard. (Rec. Doc. 54-7 at 1, *citing* Exhibit A-1). Insurers then point to a  marine casualty report in which IMT stated that when the barge arrived at IMT's facility, it had "less than six inches of freeboard." (Rec. Doc. 54-7 at 2, *citing* Exhibit A-2 at No. 44). Anything less than 18 inches of freeboard is allegedly a cause for concern, and a barge with only six inches of freeboard "is in peril of flooding and sinking by simple wave action, wakes of a passing vessel, rain or current[.]" (Rec. Doc. 54-1 at 1-2).

Insurers also assert that on December 31, IMT moved the KMM-103B from an "inland"

4

position within a fleet of moored barges to an "outside" position where it was exposed to greater stresses from the river's currents and traffic. (Rec. Doc. 54-7 at 2, *citing* Exhibit C). Finally, Insurers note that IMT did not notify M/G Transport at any point from the date of the barge's arrival to its sinking that there were concerns with the barge's freeboard or potential leaks. *Id*. at 3 (*citing* Exhibit A). There are disputes, therefore, about facts which are relevant to a determination of whether or not IMT acted reasonably, including the amount of freeboard visible when the barge arrived at IMT's facility, if IMT moved the barge to an outside position in the fleet, and whether IMT contacted the barge owner at all during the time the barge was fleeted.

These questions suggest that genuine issues of material fact exist as to whether or not IMT acted reasonably in its care of the barge KMM-103B. Therefore, summary judgment is not appropriate.

### III. Conclusion

Accordingly,

IT IS ORDERED that Defendant IMT's Motion for Partial Summary Judgment is hereby DENIED.

New Orleans, this 14th day of February, 2011.

HELEN G. BERRIGAN
**UNITED STATES DISTRICT JUDGE**